UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARISSA RODRIGUEZ, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>EVERISE, INC., TRUESOURCE LABS, LLC, and C3/CUSTOMERCONTACTCHANNELS, INC.<br><br>        Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Marissa Rodriguez ("Rodriguez") brings this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Everise, Inc., Trusesource Labs, LLC, and/or C3/CustomerContactChannels, Inc. (collectively "Defendants"), anywhere in the United States, at any time from August 26, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Texas state law claim is asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of the State of Texas, and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants either in call centers or remotely from home, anywhere in the United States, at any time from August 26, 2017 through the final disposition of this matter and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3. Specifically, Defendants have enforced a uniform corporate-wide policy wherein they improperly required their hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. Defendants' illegal corporate-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Texas state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all other damages owed under their Texas state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Rodriguez be named as the Class Representative of the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Marissa Rodriguez ("Rodriguez") was employed by Defendants in Corpus Christi, Texas during the relevant time period. Plaintiff Rodriguez did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by Defendants, anywhere in the United States, at any time from August 26, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rodriguez worked and was paid.

13. The Texas Common Law Class Members are those current and former hourly call-center employees who were employed by Defendants, in Texas, at any time from August 26, 2016

---

[1] The written consent of Marissa Rodriguez is hereby attached as Exhibit "A."

through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Rodriguez worked and was paid.

14. Defendant Everise, Inc. ("Everise") is a foreign limited liability company and is not registered with the Texas Secretary of State and may be served through the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079 pursuant to the Texas Long Arm Statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. Plaintiffs therefore requests the Texas Secretary of State to serve Everise at its principle office 13011 McCallen Pass, Suite 210, Austin, Texas 78753.[2]

15. Defendant Truesource Labs, LLC ("Truesource") is a Texas Limited Liability Corporation licensed to and doing business in the State of Texas and may be served with process through its registered agent for service of process: **Jesse Rendon,** 13011 McCallen Pass, Suite 210, Austin, Texas 78753.

16. Defendant C3/CustomerContactChannels, Inc. ("C3") is a Foreign For-Profit Corporation licensed to and doing business in the State of Texas and may be served with process through its registered agent for service of process: **National Registered Agents, Inc., 1999 Bryan St., STE 900, Dallas, Texas 75201-3136.**

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

---

[2] Athough it is not registered in the state of Texas, Everise states on its website that its U.S. headquarters is in Austin, Texas. https://weareeverise.com.

18. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional Texas state-law claim pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District and Division.

21. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Plaintiff Rodriguez worked for Defendants in Corpus Christi, Texas which is located in this District and Division.

23. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

24. Defendants are a global customer engagement and contact center with fifteen contact centers, that provide customer services, technical support services, and sales and marketing support to their business clients.[3]

25. On information and belief, Everise is a global customer contact corporation based out of Singapore.[4]

26. On information and belief, Truesource was a customer contact center that has been wholly acquired by Everise and is now operated and controlled by Everise.[5]

---

[3] https://weareeverise.com.

[4] https://weareeverise.com.

[5] https://www.prnewswire.com/news-releases/everise-acquires-trusource-labs-expanding-customer-

27. On information and belief, C3 was a customer contact center that has been wholly acquired by Everise and is now operated and controlled by Everise.[6]

28. To assist its clients, Defendants employ thousands of hourly call-center employees—Plaintiff and the Putative Class Members—who assist Defendants' customers and clients. The Plaintiff and Putative Class Members work for Defendants either in call centers owned and operated by Defendants or remotely from home.

29. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

30. Specifically, Defendant Everise holds itself out as the overall employer of the Plaintiff and Putative Class Members. Hourly Call-Center Employees were told they worked for Everise, applied for the jobs through Everise's website, and followed Everise's corporate policies and procedures.

31. Defendant Everise manages key internal relationships to Defendants Truesource and C3—that is, it directs the financials of Defendants Truesource and C3 and controls the pay of Plaintiff and the Putative Class Members.

32. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

33. Specifically, any hourly call-center employee who applies to work for Everise through their website is placed as an employee into either Truesource, C3, or Everise at the Defendants' choice.

---

support-to-internet-of-things-300759961.html.

[6] https://www.prnewswire.com/news-releases/everise-acquires-trusource-labs-expanding-customer-support-to-internet-of-things-300759961.html.

34. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

35. Specifically, Defendants created and enforced the enterprise-wide policies and procedures, including the policies that caused the FLSA violations, that the Plaintiff and Putative Class Members had to follow.

36. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and the Putative Class Members.

37. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

38. Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

39. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common-law with respect to the entire employment for the workweeks at issue in this case.

40. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Defendants' customers, answering customer/client inquiries, fulfilling orders, accepting payments, selling business products, and generally assisting customers/clients.

41. Plaintiff Rodriguez was employed by Defendants in customer service in Corpus Christi, Texas from approximately February 2019 to August 2019.

42. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

43. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

44. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members regularly worked at least twenty (20) minutes, and on occasion up to four (4) hours, "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

45. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Defendants as a result of Defendants' corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

46. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails/alerts, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

47. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

48. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

49. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

50. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### **Unpaid Work During Meal Period Breaks**

51. Defendants provide Plaintiff and the Putative Class Members with one unpaid meal break each day.

52. However, Defendants require Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal breaks.

53. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break begins, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

54. Plaintiff and the Putative Class Members were required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break ends.

55. The log off process used prior to taking a meal break can take anywhere from one to three minutes.

56. The log in process used after returning from a meal break can take anywhere from another one to three minutes.

57. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break as, per Defendants' policy.

### **Unpaid Technical Downtime**

58. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them or perform extensive troubleshooting, which took anywhere from ten (10) minutes to several hours each time.

59. According to Defendants' policy, Plaintiff and the Putative Class Members were to clock out and continue troubleshooting until they could bring their system back online and begin making phone calls, at which point they could clock back in.

60. Plaintiff and the Putative Class Members were not compensated for the time they worked for Defendants rebooting and/or troubleshooting Defendants' computers after they crashed or experienced other technical difficulties.

61. As a result of Defendants' corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out while they troubleshoot system issues, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

62. Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

63. Defendants are aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

64. Because Defendants did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violate the FLSA and Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

65. Paragraphs 1–64 are fully incorporated herein.

## A.   FLSA COVERAGE

66.   The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EVERISE, INC., TRUESOURCE LABS, LLC, AND/OR C3/CUSTOMERCONTACTCHANNELS, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

67.   At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

68.   At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

69.   At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

70.   Defendants employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

71.   In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

72. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of Defendants who assisted Defendants' customers who live throughout the United States. 29 U.S.C. § 203(j).

73. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

74. In violating the FLSA, Defendants acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

75. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 66.

76. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

77. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

78. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

79. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked

and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

80. Defendants knew or should have known their pay practices were in violation of the FLSA.

81. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

82. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them in accordance with the law.

83. The decision and practice by Defendants to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

84. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

85. All previous paragraphs are incorporated as though fully set forth herein.

86. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendants employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

87. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

88. The FLSA Collective is defined in Paragraph 66.

89. Defendants' failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

90. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

91. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

92. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

93. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

94. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

95. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

96. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 66 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of Texas Common Law)**

**A.    VIOLATIONS OF TEXAS COMMON LAW**

97. Paragraphs 1–96 are fully incorporated herein.

98. Plaintiff Rodriguez further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

99. The Texas Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EVERISE, INC., TRUESOURCE LABS, LLC, AND/OR C3/CUSTOMERCONTACTCHANNELS, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 26, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Class" or "Texas Class Members").**

100. Plaintiff Rodriguez and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiff Rodriguez's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

101. Plaintiff Rodriguez and the Texas Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

102. Defendants accepted Plaintiff Rodriguez and the Texas Class Members' services and benefited from Plaintiff Rodriguez's timely dedication to Defendants' customers.

103. Defendants were aware that Plaintiff Rodriguez and the Texas Class Members expected to be compensated for the services they provided to Defendants.

104. Defendants have therefore benefited from services rendered by the Plaintiff Rodriguez and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

B. **TEXAS COMMON LAW CLASS ALLEGATIONS**

105. Plaintiff Rodriguez and the Texas Class bring their Texas Common-Law claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since August 26, 2016. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

106. Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

107. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

108. Plaintiff Rodriguez's claims share common questions of law and fact with the claims of the other class members.

109. Plaintiff Rodriguez is a member of the Texas Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

110. Plaintiff Rodriguez and her counsel will fairly and adequately represent the class members and their interests.

111. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112. Accordingly, the Texas Class should be certified as defined in Paragraph 99.

## VI.
## RELIEF SOUGHT

112. Plaintiff respectfully prays for judgment against Defendants as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 66 and requiring

Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b.  For an Order certifying the Texas Class as defined in Paragraph 99, and designating Plaintiff Rodriguez as Class Representative of the Texas Class;

  c.  For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d.  For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  e.  For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  f.  For an Order pursuant to Texas Common-Law awarding Plaintiff Rodriguez and the Texas Class Members unpaid wages and other damages allowed by law;

  g.  For an Order awarding the costs and expenses of this action;

  h.  For an Order awarding attorneys' fees;

  i.  For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

  j.  For an Order awarding Plaintiff Rodriguez a service award as permitted by law;

  k.  For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

l.      For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA and Texas state law, and requiring Defendants to comply with such laws going forward; and

m.      For an Order granting such other and further relief as may be necessary and appropriate.

Dated: August 26, 2020            Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**John D. Garcia**
Texas Bar No. 24096174
john@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiff and Putative Class Members**