# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARISSA RODRIGUEZ,** individually and on behalf of all other similarly situated individuals, | § § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 2:20-CV-00220** |
| **v.** | § § | |
| **EVERISE, INC., TRUESOURCE LABS, LLC, and C3/CUSTOMERCONTACTCHANNELS, INC.,** | § § § § § | |
| *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

NOW COME Defendants EVERISE (hereafter "Everise")[1],TRUSOURCE LABS, LLC (hereafter "Trusource")[2] and C3/CUSTOMERCONTACTCHANNELS, INC. (hereafter "C3") (collectively referred to as "Defendants"), answering and otherwise responding to Plaintiff's Original Collective / Class Action Complaint (hereafter referred to as the "Complaint"):

## PLAINTIFF IS OBLIGATED TO *ARBITRATE* HER CLAIMS

Plaintiff is obligated to submit all claims made herein to binding arbitration under a fully enforceable agreement with her former employer C3. This agreement arises under and is governed by the Federal Arbitration Act (FAA), and extends to all parties and all claims made by requiring

---

[1] There is no entity named "Everise, Inc." of which Defendants and their counsel are aware. The entity served in that name, which is a Singapore-based holding company established under Singapore law, is the ultimate parent of C3 and Trusource. All further references to "Everise" herein refer to that entity, and not to any separate or other entity that is named or called "Everise, Inc.".

[2] This Defendant's correct name is Trusource Labs, LLC, and not Trugsource Labs, LLC as set forth in Plaintiff's Complaint. The correctly spelled name of that Defendant is accordingly used throughout this Answer.

arbitration as the exclusive mechanism for resolution of employment disputes. Accordingly, all further proceedings in this lawsuit should be stayed pending arbitrator selection, evidentiary hearing, arbitral decision and award (See <u>First Defense</u>, paragraph 115, *infra* at 17). All pleading and any other action undertaken by Defendants herein is without prejudice to their rights to compel that Plaintiff comply with her arbitration obligations, and they have done nothing that is inconsistent with those rights.

## LIMITED GENERAL DENIAL

Pursuant to Fed.R.Civ.P. 8(b), Defendants generally deny each and every allegation set forth in the Complaint, except for those specifically admitted below. This denial includes the appropriateness of this case for certification and other treatment as an opt-in collective action or an opt-out class action.

## ANSWERS AND OTHER RESPONSES TO PLAINTIFF'S ALLEGATIONS

## I.   OVERVIEW

1.     As to Complaint paragraph 1, Defendants admit only that Plaintiff purports to bring a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19 and a class action under the laws of the State of Texas and Fed. R. Civ. P. 23, all arising out of essentially the same factual allegations and overlapping legal theories. Defendants deny that there exist violations of law upon which Plaintiff or any putative collective or class members is or are entitled to relief.

2.     As to Complaint paragraph 2, Defendants deny the existence of any collective, class or other individuals who are similarly-situated as otherwise alleged in the Complaint and deny that anyone has not been properly paid under Texas or federal law. Defendants deny all remaining allegations of this Complaint paragraph.

3.      Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 3.

4.      Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 4.

5.      Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 5.

6.      Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 6.

7.      As to Complaint paragraph 7, Everise and Trusource are without sufficient knowledge or other information that would allow them to admit or deny the facts alleged, which by operation of law constitutes a denial. C3 admits only that while Plaintiff was employed by it, she was not exempt from the overtime pay requirements of the FLSA. C3 denies all remaining facts, opinions and conclusions of this Complaint paragraph.

8.      Complaint paragraph 8 does not require Defendants to admit or deny any factual allegations, since the intentions of Plaintiff to seek relief are not matters involving controverted facts.

9.      Complaint paragraph 9 does not require Defendants to admit or deny any factual allegations, since the Plaintiff's *intention* to invoke collective action under the FLSA is not a matter involving controverted facts. Defendants deny, however, that this mechanism is here appropriate, or that there is need or obligation that anyone else be permitted to "opt-in" to this case.

10.     Complaint paragraph 10 does not require Defendants to admit or deny any factual allegations, since the Plaintiff's *intention* to invoke a Rule 23 class action under Texas law is not a matter involving controverted facts. Defendants deny, however, that this mechanism is here

appropriate or needed, and specifically states that for reasons they will later address, a Rule 23 class is improper.

## II.    THE PARTIES

11.    As to Complaint paragraph 11, Everise and Trusource respectively deny that Plaintiff was ever employed by either or both of them. Otherwise, they are without sufficient knowledge or other information that would allow them to admit or deny the remaining facts alleged, which by operation of law constitutes a denial. C3 admits only that Plaintiff previously was employed it, but denies all remaining facts, opinions and conclusions of this Complaint paragraph.

12.    Complaint paragraph 12 does not require Defendants to admit or deny any factual allegations, but they deny the existence of or involvement with any "illegal pay system" as applied to Plaintiff or anyone else that they separately and respectively employ or employed.

13.    As to Complaint paragraph 13, Defendants deny that there exists any "Texas Common Law Class" that should be certified or otherwise recognized by the Court herein.

14.    As to Complaint paragraph 14, Everise admits that it is not registered to do business in Texas, and that it has been served with summons and complaint herein. All remaining allegations, opinions and conclusions of this Complaint paragraph are denied.

15.    As to Complaint paragraph 15, Trusource admits that it is registered to do business in Texas, and that it has been served with summons and complaint herein. All remaining allegations, opinions and conclusions of this Complaint paragraph are denied.

16.    As to Complaint paragraph 16, C3 admits that it is registered to do business in Texas, and that it has been served with summons and complaint herein. All remaining allegations, opinions, and conclusions of this Complaint paragraph are denied.

17.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 17, particularly with respect to individual liability and joint employment of anyone.

### III.     JURISDICTION AND VENUE

18.     As to Complaint paragraph 18, Defendants admit only that this Court generally possesses subject matter jurisdiction over claims made under the FLSA.

19.     As to Complaint paragraph 19, Defendants admit only that Plaintiff asserts supplemental claims under Texas law.

20.     As to Complaint paragraph 20, Everise and Trusource deny the propriety and efficacy of personal jurisdiction over them in this action, or the commission of acts within this judicial District and Division. C3 admits only that it does business within this judicial District. All remaining factual allegations, opinions and conclusions of this Complaint paragraph are denied by all Defendants.

21.     As to Complaint paragraph 21, Everise and Trusource deny the propriety and efficacy of personal jurisdiction over them in this action, or the commission of acts within this judicial District and Division. C3 admits only that it does business within this judicial District. All remaining factual allegations, opinions and conclusions of this Complaint paragraph are denied by all Defendants.

22.     As to Complaint paragraph 22, Everise and Trusource deny all factual allegations. C3 admits that Plaintiff previously worked for it.

23.     Defendants deny the venue allegations of Complaint paragraph 23.

## IV.    ADDITIONAL FACTS

24.    As to Complaint paragraph 24, Defendants deny that they are a single, integrated enterprise for purposes of claims made herein.

25.    As to Complaint paragraph 25, Everise admits only that it is the ultimate parent of C3 and Trusource and that it is based in Singapore. It is a holding company established under Singapore law.

26.    As to Complaint paragraph 26, Trusource admits only that it was acquired by C3/CustomerContactChannels Holdings, Inc., which is also the parent of C3.

27.    As to Complaint paragraph 27, C3 admits only that it is an entity that operates customer contact facilities in various locations within the United States.

28.    Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 28, except that C3 admits that it employs more than several thousand employees who work at call centers or perform customer service by telephone and computer from other locations.

29.    Defendants deny the factual allegation, opinion and conclusion of Complaint paragraph 29.

30.    As to Complaint paragraph 30, Everise denies ever holding itself out as an employer of the Plaintiff or "putative class members," if any. "Everise, Inc." does not exist. The former employer of the Plaintiff is C3. All remaining factual allegations of this Complaint paragraph are denied.

31.    As to Complaint paragraph 31, Defendants do not understand Plaintiff's intended meaning of allegations about Everise managing "key internal relationships" and thus, cannot admit or deny this opinion or conclusion. Everise and Trusource deny the allegation that they controlled or control C3's pay to Plaintiff and those she claims to be putative class members. C3 admits that

it controlled the pay provided to Plaintiff as remuneration for work services while she worked for C3.

32.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 32.

33.     As to Complaint paragraph 33, Defendants admit only that hourly wage employees apply for positions with either C3 or Trusource, but not with any entity named or called "Everise, Inc." Defendants deny all other factual allegations, opinions and conclusions of this Complaint paragraph.

34.     As to Complaint paragraph 34, C3 maintained control, oversight and direction over Plaintiff and "putative class members," if any. Trusource would maintain such control, oversight and direction over its own employees. Defendants deny all other factual allegations, opinions and conclusions of this Complaint paragraph.

35.     As to Complaint paragraph 35, Defendants deny creating or enforcing any policies, practices or procedures that violated the FLSA as applied to Plaintiff or any persons she alleges to be a putative class member.

36.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 36, to the extent they are able to understand their intended meaning.

37.     Defendants deny the factual allegations of Complaint paragraph 37, to the extent they are able to understand their intended meaning.

38.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 38.

39.     Defendants deny the factual allegations of Complaint paragraph 39, to the extent they are able to understand their intended meaning.

40.     As to Complaint paragraph 40, the stated categories of tasks (except "selling business products") were among those ordinarily performed by C3's customer service representatives (such as Plaintiff) when handling inbound customer service calls as assigned by C3. Defendants Everise and Trusource's knowledge of these facts is based upon information and belief, and not by virtue of enterprise control or other knowledge.

41.     As to Complaint paragraph 41, Defendants admit only that C3 employed Plaintiff as otherwise alleged.

42.     As to Complaint paragraph 42, C3 admits only that Plaintiff was employed by it (but not by Everise and/or Trusource) on an hourly pay basis, and that as such, she was not exempt from the overtime pay provisions of the FLSA.

43.     As to Complaint paragraph 43, C3 admits only that Plaintiff was typically scheduled for full time work hours by it (but not by Everise and/or Trusource) prior to her separation from C3's employ.

44.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 44.

45.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 45.

46.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 46.

47.     As to Complaint paragraph 47, C3 states that Plaintiff was required to start work when scheduled (as were all other of C3's customer service representatives) and was subject to progressive discipline if she did not (as were all other of C3's customer service representatives). Everise and Trusource did not employ Plaintiff or control these matters as to Plaintiff and other of

C3's customer service representatives, and thus, those two Defendants are without sufficient knowledge or other information that would allow them to admit, deny or otherwise further respond to the factual allegations of this Complaint paragraph.

48.     As to Complaint paragraph 48, C3 admits only that as encouraged by the Wage and Hour Division of the United States Department of Labor (hereafter "DOL"), employees who violate an employer's timekeeping rules are lawfully subject to progressive disciplinary action by their FLSA employer. Everise and Trusource agree with these propositions as endorsed by the DOL and the federal courts, although as noted above, these two Defendants did not employ Plaintiff or the "putative class members" (whomever they may be) that Plaintiff seeks to represent under the FLSA and Rule 23.

49.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 49.

50.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 50.

51.     C3 admits that its customer service representatives such as Plaintiff (while she was employed by it) are ordinarily provided with one unpaid meal break of 30 minutes duration for each full day that they work(ed). Everise and Trusource, neither of which employed Plaintiff and/or the alleged putative class members, did not and do not provide meal breaks to C3 employees.

52.     Defendants deny the factual allegations, opinions and conclusions of Complaint paragraph 52, particularly the implication that any Defendant other than C3 controlled the work or timekeeping practices that applied to Plaintiff, or required that she (or anyone else) perform "off-the-clock" work during unpaid meal breaks.

53.     The factual allegations, opinions and conclusions of Complaint paragraph 53 are denied.

54.     The factual allegations, opinions and conclusions of Complaint paragraph 54 are denied.

55.     The factual allegations, opinions and conclusions of Complaint paragraph 55 are denied.

56.     The factual allegations, opinions and conclusions of Complaint paragraph 56 are denied.

57.     The factual allegations, opinions and conclusions of Complaint paragraph 57 are denied.

58.     The factual allegations, opinions and conclusions of Complaint paragraph 58 are denied.

59.     The factual allegations, opinions and conclusions of Complaint paragraph 59 are denied.

60.     The factual allegations, opinions and conclusions of Complaint paragraph 60 are denied, except C3 states that when its employees reported for work duty, customer service representatives such as Plaintiff were paid for *scheduled* time as *time worked* under the FLSA *unless* they were released from duty for periods of no fewer than 30 minutes during which the time was free and clear for them to do as they pleased, with no requirement that they remain at their workstation or otherwise perform work for C3.

61.     The factual allegations, opinions and conclusions of Complaint paragraph 61 are denied.

62.     As to Complaint paragraph 62, C3 has and does employ customer service representatives other than Plaintiff who are paid in the same manner as was Plaintiff, but Everise and Trusource deny so employing those who work or previously worked for C3.

63.     As to Complaint paragraph 63, Defendants state that C3 is aware of the requirements of the FLSA and Texas wage payment law, but C3 denies having violated either of them.

64.     The factual allegations, opinions and conclusions of Complaint paragraph 64 are denied.

## V.     CAUSES OF ACTION

65.     As to Complaint paragraph 65, Defendants incorporate by reference the responses given to Complaint paragraphs 1 through 64 above.

66.     No allegations of fact are set forth in Complaint paragraph 66 that require response by any of the Defendants.

67.     As to Complaint paragraph 67, Defendants Trusource and C3 admit only that they are each *and separately* employers within the meaning of the FLSA. Defendants deny that there is an entity named "Everise, Inc." that is an FLSA employer of anyone affected by this action, or that Everise[3] is an FLSA employer herein.

68.     The factual allegations, opinions and conclusions of Complaint paragraph 68 are denied.

69.     The factual allegations, opinions and conclusions of Complaint paragraph 69 are denied.

---

[3] See n.1, *supra* at 1.

70.     The factual allegations, opinions and conclusions of Complaint paragraph 70 are denied.

71.     The factual allegations, opinions and conclusions of Complaint paragraph 71 are denied.

72.     As to Complaint paragraph 72, C3 admits that Plaintiff, at times, serviced customers beyond the boundaries of Texas. Defendants deny the remaining factual allegations, opinions and conclusions of Complaint paragraph 72.

73.     As to Complaint paragraph 73, C3 admits that Plaintiff, at times, was engaged in commerce within the meaning of the FLSA. Defendants deny the remaining factual allegations, opinions and conclusions of Complaint paragraph 73.

74.     The factual allegations, opinions and conclusions of Complaint paragraph 74 are denied.

75.     No allegations of fact are set forth in Complaint paragraph 75 that require response by any of the Defendants.

76.     The factual allegations, opinions and conclusions of Complaint paragraph 76 are denied by Everise and Trusource. The personnel records maintained by C3 might produce information that would be relevant to such a determination.

77.     The factual allegations, opinions and conclusions of Complaint paragraph 77 are denied.

78.     The factual allegations, opinions and conclusions of Complaint paragraph 78 are denied.

79.     The factual allegations, opinions and conclusions of Complaint paragraph 79 are denied.

80.     The factual allegations, opinions and conclusions of Complaint paragraph 80 are denied.

81.     As to Complaint paragraph 81, Plaintiff's views concerning the "sophistication" of Defendants is not here at issue. The factual allegations, opinions and conclusions of this Complaint paragraph—especially as to whether Defendants "knew or should have known" about alleged FLSA violations—are denied.

82.     As to Complaint paragraph 82, Defendants are without sufficient knowledge or other information that would allow them to admit or deny the "sophistication" of Plaintiff or the persons she alleges to be members of any putative class herein, along with the levels of "trust" any of those persons may have held concerning anything.

83.     The factual allegations, opinions and conclusions of Complaint paragraph 83 are denied.

84.     The factual allegations, opinions and conclusions of Complaint paragraph 84 are denied.

85.     As to Complaint paragraph 85, Defendants incorporate by reference the responses given to Complaint paragraphs 1through 84 above.

86.     No allegations of fact are set forth in Complaint paragraph 86 that require response by any of the Defendants.

87.     The factual allegations, opinions and conclusions of Complaint paragraph 87 are denied.

88.     No allegations of fact are set forth in Complaint paragraph 88 that require response by any of the Defendants.

89.     The factual allegations, opinions and conclusions of Complaint paragraph 89 are denied.

90.     The factual allegations, opinions and conclusions of Complaint paragraph 90 are denied.

91.     The factual allegations, opinions and conclusions of Complaint paragraph 91 are denied.

92.     As to Complaint paragraph 92, the Defendants agree that generally speaking, employees should be paid in compliance with the requirements of the FLSA. Defendants deny that these obligations have been violated as alleged herein, or otherwise.

93.     The factual allegations, opinions and conclusions of Complaint paragraph 93 are denied.

94.     The factual allegations, opinions and conclusions of Complaint paragraph 94 are denied.

95.     The factual allegations, opinions and conclusions of Complaint paragraph 95 are denied.

96.     The factual allegations, opinions and conclusions of Complaint paragraph 96 are denied.

97.     As to Complaint paragraph 97, Defendants incorporate by reference the responses given to Complaint paragraphs 1 through 96 above.

98.     The factual allegations, opinions and conclusions of Complaint paragraph 98 are denied.

99.     No allegations of fact are set forth in Complaint paragraph 99 that require response by any of the Defendants. They do, however, state that no class, requested or otherwise, should be certified herein.

100.    No allegations of fact are set forth in Complaint paragraph 100 that require response by any of the Defendants. They are simply conclusions of law postulated from unproven factual allegations.

101.    As to Complaint paragraph 101, C3 admits that Plaintiff provided services to C3 while she worked for it that were of value. Defendants are otherwise unable to comment upon allegations that unnamed and unidentified others also did so.

102.    As to Complaint paragraph 102, C3 admits that it accepted the work that Plaintiff performed for it. Defendants are otherwise unable to comment upon allegations that the same is true of unnamed and unidentified others.

103.    As to Complaint paragraph 103, C3 admits that, generally speaking, its employees expect to be paid for their services, and further understands that was likely the case as to Plaintiff. Everise and Trusource do not disagree with these premises. None of the Defendants, however, are able to comment upon the expectations of unnamed and unidentified others.

104.    As to Complaint paragraph 104, C3 admits that, generally speaking, it benefits from the work services of those that it employs and found that to be the case with Plaintiff. Everise and Trusource do not disagree with these premises. None of the Defendants, however, are able to comment upon the benefits obtained by C3 from the employment of unnamed and unidentified others.

105.    No allegations of fact are set forth in Complaint paragraph 105 that require response by any of the Defendants. They do, however, state that no Rule 23 class, requested or otherwise, should be certified herein.

106.    As to Complaint paragraph 106, Defendants deny that the requisites of Rule 23 have been or will be satisfied herein, or that proceeding with a Rule 23 class is appropriate.

107.    As to Complaint paragraph 107, Defendants deny that the requisites of Rule 23 (including numerosity) have been or will be satisfied herein, or that proceeding with a Rule 23 class is otherwise appropriate.

108.    As to Complaint paragraph 108, Defendants deny that the requisites of Rule 23 (including demonstration of common questions) have been or will be satisfied herein, or that proceeding with a Rule 23 class is otherwise appropriate.

109.    As to Complaint paragraph 109, Defendants deny that the requisites of Rule 23 (including typicality of claims) have been or will be satisfied herein, or that proceeding with a Rule 23 class is otherwise appropriate.

110.    As to Complaint paragraph 110, Defendants deny that the requisites of Rule 23 (including adequacy of representation) have been or will be satisfied herein, or that proceeding with a Rule 23 class is otherwise appropriate.

111.    The factual allegations, opinions and conclusions of Complaint paragraph 111 are denied. Defendants further deny that the requisites of Rule 23 have been or will be satisfied herein, or that proceeding with a Rule 23 class is otherwise appropriate.

112.    The factual allegations, opinions and conclusions of Complaint paragraph 112 are denied. Defendants further deny that the requisites of Rule 23 have been or will be satisfied herein, or that proceeding with a Rule 23 class is otherwise appropriate.

113.    As to the second paragraph of the Complaint that is numbered 112, Defendants deny that Plaintiff is entitled to any relief, requested or otherwise, by virtue of any fact, event, transaction or circumstance alleged in the Complaint.

114.    All allegations of fact set forth in the Complaint that were not specifically admitted or denied in paragraphs 1 through 113 above are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

115.    <u>First Defense</u>.  All claims made by Plaintiff herein are barred by one or more pre-existing and enforceable agreements to *arbitrate* all disputes arising out of *employment*, including but not limited to those that have been raised herein. Accordingly, this lawsuit must be stayed pending hearing, decision and award by an arbitrator selected by the Plaintiff and Defendant C3 in accordance with their pre-existing and enforceable agreement. If Plaintiff refuses, this case must be dismissed.

116.    <u>Second Defense</u>. Plaintiff's Complaint fails to state one or more claims upon which relief may be granted against one or more of the Defendants.

117.    <u>Third Defense</u>. Plaintiff's claims are barred to the extent that the doctrines of waiver, laches, unclean hands and/or estoppel may apply.

118.    <u>Fourth Defense</u>. If the FLSA or state law is found to apply to Plaintiff's claims, those claims may nonetheless be barred in whole or in part by exclusions, exemptions, exceptions, or credits provided by law, including those that are set forth under the FLSA or applicable state law, together with decisional precedents, and/or administrative regulations.

119.    <u>Fifth Defense</u>. Plaintiff's and any other alleged plaintiffs' claims, are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's and any other alleged plaintiffs' compensation,

were accomplished through good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, or interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor with respect to the class of employers to which Defendants belong.

120.    Sixth Defense. If the FLSA or state law is found to apply to Plaintiff's claims and if there is a finding of any violation under the FLSA or state law (which is denied), Plaintiff is not entitled to liquidated damages because the defendant-employer's acts or omissions with regard to pay practices affecting C3's customer service representatives (hereafter "CSRs"), if any, were taken in good faith and the defendant-employer had reasonable grounds for believing that all acts or omissions with regard to those pay practices complied with the FLSA and/or Texas state law.

121.    Seventh Defense. If the FLSA or state law is found to apply to Plaintiff's claims, and if there is a finding of any violation under the FLSA or state law (which is denied), any such violation(s) of the FLSA or state law were not willful, and were not committed with reckless disregard of requirements under the FLSA or of Plaintiff's rights thereunder, and therefore, are governed by the FLSA's two-year statute of limitations.

122.    Eighth Defense. If the FLSA or state law is found to apply to Plaintiff's claims, and if there is a finding of any violation of the FLSA or state law (which is denied), Defendants are entitled to a set-off for payment of wages made to Plaintiff (or any members of any collective or class she may be allowed to represent herein) for non-compensable time.

123.    Ninth Defense. If the FLSA or state law is found to apply to Plaintiff's claims (and those of the members of any collective or class Plaintiff may be permitted to represent herein), and if there is a finding of any violation of the FLSA or state law (which is denied), any claim for

overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods that were not compensable under the FLSA or state law.

124.   Tenth Defense. Plaintiff's claims (and those of the members of any collective or class Plaintiff may be allowed to represent herein) may be barred in whole or in part for time spent in activities that were *preliminary* or *postliminary* to their principal activities, in that they occurred either prior to the commencement or subsequent to the termination of compensable work time. *See* 29 U.S.C. § 254.

125.   Eleventh Defense. Plaintiff's claims (and those of the members of any collective or class Plaintiff may be allowed to represent herein) are barred to the extent she worked unreported hours and did so in violation of Defendants' policies and procedures, and/or concealed material facts about time worked from her statutory employer under the FLSA and/or Texas law.

126.   Twelfth Defense. Plaintiff's alleged damages (as well as those of the members of any collective or class Plaintiff may be allowed to represent herein) are speculative and uncertain (or both), and therefore non-compensable, in that the Complaint fails to allege any specific amount of wages allegedly unpaid and owing.

127.   Thirteenth Defense. Plaintiff may not properly maintain this case on behalf of an FLSA collective because: (1) Plaintiff is not an adequate or proper representative for those who are members of the putative collective; (2) Plaintiff is not *similarly situated* to the members of the putative collective; and (3) Plaintiff cannot satisfy the requirements for a certification and prosecution of this case on a collective basis.

128. <u>Fourteenth Defense</u>. The Complaint is barred to the extent that the alleged work time for which compensation is sought is necessarily *de minimis* and therefore not statutorily compensable or recoverable.

129. <u>Fifteenth Defense</u>. The proposed Texas class fails to meet the *commonality* requirement of Fed. R. Civ. P. 23(a)(2).

130. <u>Sixteenth Defense</u>. The proposed Texas class fails to meet the *typicality* requirement of Fed. R. Civ. P. 23(a)(3).

131. <u>Seventeenth Defense</u>. The named plaintiff will not be able to adequately and fairly protect the interests of the proposed Rule 23 class, as required by Fed. R. Civ. P. 23(a)(4).

132. <u>Eighteenth Defense</u>. The proposed Texas class is not characterized by common questions of law or fact, as required by Fed. R. Civ. P. 23(b)(3).

133. <u>Nineteenth Defense</u>. Plaintiff, along with any putative collective or class members, is not entitled to double damages because her FLSA employer herein did not willfully withhold or fail to pay wages, and at all times acted in good faith and upon a reasonable belief that their actions did not violate applicable law.

134. <u>Twentieth Defense</u>. *Certification* of an FLSA collective and/or of a Rule 23 class, under the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment to the United States Constitution.

135. <u>Twenty-First Defense</u>. The *adjudication* of claims alleged on behalf of the putative class through generalized proof techniques would violate Defendants' right to a trial by jury as guaranteed by the United States Constitution.

136. <u>Twenty-Second Defense</u>. The Complaint, and each purported claim for relief alleged therein, is barred to the extent Plaintiff and the members of the putative class and collective failed to report or give notice to their employer of the allegations upon which Plaintiff bases her claims and/or failed to avail themselves of their employer's internal procedures, means, or methods as same may relate to violations, grievances, complaints, or disputes raised herein.

137. <u>Twenty-Third Defense</u>. To the extent discovery reveals that Plaintiff (or putative collective or class members) falsely or inaccurately reported her hours of work and there is no evidence that she was authorized, suffered or permitted to falsely so report, Defendants invoke the doctrines of *estoppel* and *avoidable consequences* to bar her claims herein.

138. <u>Twenty-Fourth Defense</u>. Defendants oppose the propriety of this case proceeding on a collective basis or a class action. If the Court certifies a collective or class in this case notwithstanding, then Defendants assert the applicable affirmative and other defenses set forth herein against each and every member of the collective and any certified class.

WHEREFORE, Defendants request that the Court enter a take-nothing judgment against Plaintiff and her claims, dismissing them with prejudice. Defendants further request an award of fees and costs reasonably incurred to defend against this action, and for all other relief to which they are justly entitled.

Respectfully submitted,

_/s/ Michael V. Abcarian_
Michael V. Abcarian
Attorney-In-Charge
Texas Bar No. 00799900
SD Bar No. 19980
FISHER & PHILLIPS LLP
500 North Akard, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
mabcarian@fisherphillips.com

**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing document was served via the Court's electronic filing system, on the 9th day of October, 2020, upon the following:

Clif Alexander
clif@a2xlaw.com
Austin W. Anderson
austin@a2xlaw.com
Lauren E. Braddy
lauren@a2xlaw.com
Alan Clifton Gordon
cgordon@a2xlaw.com
Carter T. Hastings
carter@a2xlaw.com
John D. Garcia
john@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, TX 78401
ATTORNEYS FOR PLAINTIFF

_/s/ Michael V. Abcarian_
Michael V. Abcarian